F. G. JONES, *Appellant*, v. WILLIAM LAMPE, *Appellee*.
No. 17,198.

SYLLABUS BY THE COURT.

1. TAX DEED—*Want of Certain Recitals Not Fatal.* The ruling
in *Neiswanger v. Ord*, 81 Kan. 63, that "a tax deed over five
years old which recites that property was originally bid in by
the county treasurer, that thereafter an individual paid him
an amount equal to the cost of redemption, and that the 'pur-
chaser' afterward paid the subsequent taxes, is not rendered
void because it contains no recital that the county clerk as-
signed the tax-sale certificate" (syl. ¶ 4), is followed.

2. CROSS-APPEAL—*How Appellee May Have Adverse Rulings Re-
viewed.* An appellee may secure a review of an adverse ruling
by serving a notice upon appellant before the case is assigned
for final hearing stating that he intends to present a par-
ticular ruling for review. The notice should be served early
enough to afford appellant time to answer appellee's conten-
tions, but, as the notice is not jurisdictional, delay in serving
it might justify an application for a postponement of the hear-
ing but would not deprive the court of power to review.

Appeal from Seward district court. Opinion filed
July 7, 1911. Affirmed.

*F. S. Macy,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the ap-
pellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by F. G. Jones
to recover a lot in the city of Liberal, Kan., the posses-
sion of which, it was alleged, was wrongfully held by
William Lampe. Lampe in his answer alleged that he
was in possession of the lot and that he had acquired
title to the same through a transfer from Vessels, to
whom a tax deed had been issued. The tax deed was
issued and recorded in January, 1897, and it is alleged
that it is fair on its face, and having been of record
more than five years it is protected by the five-year

26—85 KAN.

statute of limitations. There is an averment, too, that he had held adverse possession of the lot since October, 1893, and that the fifteen-year statute had run in his favor. On the evidence the trial court concluded that the tax deed was void on its face, but gave judgment for Lampe by reason of his adverse possession of the lot which he had held for more than fifteen years.

Appellant complains of the holding that appellee was entitled to the land by virtue of his adverse possession, and appellee insists that there was error in the holding that the tax deed was void on its face. It appears that the only defect in the instrument is the absence of a formal recital that a tax-sale certificate was assigned by the county clerk to the purchaser. It recites that the property was bid in by the treasurer for the county, that Mary Vessels paid into the county treasury an amount equal to the cost of redemption, and that she paid the taxes for the subsequent years. The case falls within the rule of *Neiswanger v. Ord,* 81 Kan. 63, where it was decided that a tax deed is not rendered void by the omission of the recital that the tax-sale certificate was assigned to the purchaser. The trial court did not have the benefit of that decision, as it was not made until after the trial in this case. This determination disposes of the case if the necessary steps to secure a review of the ruling have been taken by the appellee. A formal cross-appeal is no longer essential to a review of a ruling adverse to the appellee. In section 578 of the code of 1909 it is provided:

"It shall not be necessary for the appellee, in order to have a review of rulings and decisions of which he complains, to give notice by way of cross-appeal, but if at any time before the case is assigned for hearing in the appellate court he serves upon the appellant a notice stating in what respect he asks a consideration and review of any part of the judgment, or of any order of the trial court, the same shall be had. Such notice, with proof of service, shall be filed with the clerk of the appellate court."

Jones v. Lampe.

The code contemplates that when an appeal is taken and the parties are in court, every ruling of which either party complains shall be reviewable in a single proceeding. The appellee can avail himself of the right by a simple notice upon appellant stating that he intends to present a particular adverse ruling or order for review. The notice may be served at any time before the final assignment of the case for hearing, but should, of course, be given so as to afford appellant a fair opportunity to meet the contentions of appellee. In his counter abstract and brief appellee challenges the ruling that the tax deed is void on its face, and the service and filing of this document is a substantial compliance with the quoted provision of the code. When the abstract and brief were served upon appellant is not shown, but there is no complaint by the appellant that the time was too short or the opportunity to meet appellee's contention too much restricted. The time of serving the notice on appellee is not jurisdictional, and this is the more manifest by the provision of section 573 of the code of 1909, that:

"Any notice of appeal may be amended at any time, by bringing in additional parties or otherwise, before the hearing, as to the appellate court may seem fit, and in case such court shall deem it necessary that it have papers or entries that have not been transmitted to it, it may require their immediate certification and transmission."

Delay in service of notice might require a postponement of the hearing so as to give appellant more time to answer the contentions of appellee, but it would not deprive the court of the power to review.

The tax deed being valid, the appellee was entitled to recover, regardless of whether he had held adverse possession of the lot the requisite time to give him title. There appears to be testimony to support the ruling of the court on that question, but in view of our determination that the deed was valid it is unnecessary to

enter upon the consideration of that ruling. The trial court gave a correct judgment, and it is immaterial how the result was reached or that one of its views is not sustained by this court.

The judgment is affirmed.